IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEROME BROWN, | ) |
| Plaintiff, | ) |
| vs. | ) 2:14-cv-00654-LSC |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) |
| Defendant. | ) |

**MEMORANDUM OF OPINION**

**I.   Introduction**

The plaintiff, Jerome Brown, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Mr. Brown timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Brown was fifty-nine years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a high school education. (Tr. at 40.) His past work experiences include employment as caregiver, painter, and janitor. (Tr.

at 40-42, 55.) Mr. Brown claims that he became disabled on September 15, 2007, due to lupus and a deteriorating disc in the neck. (Tr. at 167.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v.*

*Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Mr. Brown meets the insured status requirements of the Social Security Act through December 31, 2010. (Tr. at 22.) He further determined that Mr. Brown has not engaged in SGA since the alleged onset of his disability. (*Id.*) According to the ALJ, Plaintiff's lupus, degenerative disc disease, and arthritis are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 23.) The ALJ did not find Mr. Brown's testimony to be totally credible, and he determined that Mr. Brown has the following RFC: medium work as defined in 20 C.F.R. §§ 404.1567(c) and 415.967(c) except that he cannot climb ladders, ropes, or scaffolds; he can occasionally climb ramps or stairs; and he can frequently stoop, kneel, crouch,

crawl, or engage in activities requiring balance. (Tr. at 24.) The ALJ found that Mr. Brown could frequently engage in overhead reaching bilaterally and frequently engage in the gross manipulation or handling of objects bilaterally. (*Id*.) Finally, the ALJ concluded that Mr. Brown should avoid concentrated exposure to extreme cold and heat, the operation of machinery, and unprotected heights. (*Id*.)

According to the ALJ, Mr. Brown is capable of performing his past relevant work as caregiver or janitor, which does not require the performance of activities precluded by his RFC. (Tr. at 28.) The ALJ determined that transferability of job skills was not material because "using the Medical-Vocational Rules as a framework supports a finding that the claimant is not disabled." (*Id*.) Because Plaintiff cannot perform the full range of medium work, the ALJ used Medical-Vocational Rule 201.25 as a guideline for finding that there is a significant number of jobs in the national economy that Plaintiff is capable of performing, such as cashier, hand packer, and kitchen worker. (*Id*.) The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." (*Id*.)

## II. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there

is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

### III. Discussion

Plaintiff requests that the ALJ's decision be vacated and reversed because the ALJ erred in rejecting his treating physician's opinion. Plaintiff also makes an argument in passing that the ALJ improperly evaluated his credibility.

#### A. Weight Given to Treating Physician's Opinion

In social security cases, a plaintiff's treating physician's testimony is entitled to "substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotations omitted). "Good cause" exists for an ALJ to not give a treating physician's opinion substantial weight when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own

medical records." *Phillips*, 357 F.3d at 1241 (*citing Lewis*, 125 F.3d at 1440); *see also Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (holding that "good cause" existed where the opinion was contradicted by other notations in the physician's own record).

If the ALJ does not give a treating physician's opinion controlling weight, the ALJ will consider the following factors in evaluating the weight afforded any medical source's opinion: the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, how consistent the opinion is with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Procedurally, the ALJ must articulate the weight given to different medical opinions and the reasons therefore. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).

The Court must also be aware of the fact that opinions such as whether a claimant is disabled, the claimant's RFC, and the application of vocational factors "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(e), 416.927(d). The Court is interested in the doctors' evaluations of

8

the claimant's "condition and the medical consequences thereof, not their opinions of the legal consequences of his [or her] condition." *Lewis*, 125 F.3d at 1440. Such statements by a physician are relevant to the ALJ's findings, but they are not determinative, as it is the ALJ who bears the responsibility for assessing a claimant's RFC. *See, e.g.,* 20 C.F.R. § 404.1546(c).

Dr. Shirley Jones, Plaintiff's treating physician, saw Plaintiff on March 28, 2011, and then completed a medical source statement. (Tr. at 276.) She concluded that Plaintiff had an underlying medical condition consistent with the pain he experiences and noted, "Drug side effects can be expected to be severe and to limit effectiveness due to distraction, inattention, drowsiness, etc." (*Id.*) Dr. Jones indicated that Plaintiff could sit for four hours and stand for four hours during an eight-hour workday. (*Id.*) She also determined that Plaintiff could lift 20 pounds occasionally or 10 pounds frequently. (*Id.*) Dr. Jones found Plaintiff could never climb or balance on stairs or ladders, bend, or stoop; could occasionally reach overhead; and could frequently engage in pushing and pulling movements, gross manipulation, and fine manipulation. (*Id.*)

The ALJ discussed Dr. Jones's March 2011 medical source statement and stated that he assigned her opinions little weight because they were inconsistent with the record and with her own treatment notes. (Tr. at 27.) Procedurally, the

ALJ sufficiently articulated his reasons for not assigning Dr. Jones's March 2011 opinions controlling weight. *See Forrester v. Comm'r of Soc. Sec.*, 2012 WL 45446, at *1 (11th Cir. Jan. 10, 2012) (holding the ALJ properly explained and provided reasons for the weight given a treating physician's opinion where the ALJ stated the opinion could "not be given controlling weight" and explained the opinion was not supported by the medical record and the record did not demonstrate claimant's impairments resulted in the degree of limitation the physician indicated); *Phillips*, 357 F.3d at 1241 (finding the ALJ articulated good reason for discounting a treating physician's opinion when noting the treating physician's assessment conflicted with his treatment notes and the claimant's daily activities).

Moreover, the ALJ had "good cause" to give Dr. Jones's opinions little weight. First, the ALJ specifically found the record contained no evidence of limiting side effects from the Plaintiff's medication, contrary to Dr. Jones's statement. (*Id.*) The ALJ further noted that, in fact, Dr. Jones's own records reflect that Plaintiff failed to "fill [] any medication written" by Dr. Jones. (Tr. at 27, 290). Notably, Dr. Jones's notes do not indicate Plaintiff had any materially limiting side effects from his medications, or that Plaintiff required any changes in his medications due to side effects. (Tr. at 247, 290). Accordingly, because Dr.

Jones's medical source statement contradicted her own treatment notes, good cause existed for the ALJ to assign it little weight.

The ALJ also properly found Dr. Jones's opinion was inconsistent with the objective medical evidence of record. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) (requiring an ALJ to consider consistency with other evidence when weighing a medical opinion). Plaintiff appears to argue that because Dr. Jones's opinion was "not inconsistent" with the diagnosis by the consultative neurologist of joint pain with degenerative disc disease, the ALJ should have given Dr. Jones's opinion more weight. However, the pertinent issue in determining whether an individual is disabled is not a diagnosis, but the limitations arising from the diagnosed condition. *McCruter v. Bowen*, 701 F.2d 1544, 1547 (11th Cir. 1986) ("[T]he severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."). Here, the ALJ noted that despite Plaintiff's x-rays and degenerative changes, the functional limitations from his degenerative disc changes appeared to be minimal. (Tr. at 25). Evidence of record supports that conclusion. For instance, at a December 2007 consultative examination, Plaintiff reported instability, weakness, and 7 out of 10 pain. (*Id.*) However, the examining doctor, Kevin Lasseigne, indicated Plaintiff appeared to

be in no distress, was cooperative and comfortable, and appeared to be independently engaging in daily activities. (Tr. at 240.) During a December 2010 medical appointment, Plaintiff similarly complained of "generalized myalgias and arthralgias," lupus, 7 out of 10 pain, and occasionally dropping objects. (Tr. at 266.) Despite these complaints, Dr. Decontee Jimmeh, the examining physician at the December 2010 visit, noted that was sitting comfortably, walking without assistance, could get on and off the examination table, had a normal gait, had a negative straight leg raise test, no tenderness, and 5/5 strength in his bilateral upper and lower extremities. (Tr. at 26, 266-69). Again, Plaintiff was described as independent in his daily activities. (Tr. at 25, 266-69). Plaintiff had mandible surgery in September 2011, but the record is devoid of any functional limitations arising from it. (Tr. at 301.) At a February 2012 medical visit, Plaintiff reported 5 out of 10 pain, and at a June 2012 medical visit, he reported severe back pain, but X-rays showed only minimal anterolisthesis and arthropathy. (Tr. at 345, 351.) Based on the medical record, the ALJ properly concluded that Plaintiff was "largely independent in his activities of daily living" and his examinations demonstrated "only minimal to modest functional limitations." (Tr. at 26.) Accordingly, there was good cause for the ALJ to give little weight to Dr. Jones's

medical source statement, because the objective medical evidence of record simply does not support the functional limitations opined by Dr. Jones.

### B.  Credibility Determination

Plaintiff argues in passing that the ALJ improperly discredited his complaints of pain. Disability benefits may not be paid solely on the basis of a claimant's own subjective complaints of pain. *See* 42 U.S.C § 423(d)(5)(A). However, subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability based upon subjective pain, claimants must satisfy a three-part standard that "requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer*, 395 F.3d at 1210 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Nonetheless, the ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he

adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). In making a credibility determination, an ALJ may consider the opinions of treating physicians and consultative examiners, as well as those of other medical doctors. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The credibility determination does not need to refer to "every piece of evidence in his decision [regarding credibility], so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the district court] to conclude that [the ALJ] considered her medical condition as a whole." *Dyer*, 395 F.3d at 1210-1211.

The ALJ did not find Plaintiff's testimony convincing for two reasons. (*Id.*) First, Plaintiff denied using cocaine in his medical record but failed a drug screen elsewhere in the record. (Tr. at 192, 267, 259.) Plaintiff stated he used cocaine to reduce his muscle pain, despite his doctors' advice to stop the use. (Tr. at 291.) The ALJ determined that Plaintiff's drug use "may interfere with his ability to obtain employment and suggests a strategic move for applying for disability that undermines his overall credibility." (Tr. at 26.) Second, the ALJ opined that Plaintiff's reported pain levels at various medical visits were "at odds with the record," which repeatedly demonstrated evidence that Plaintiff was functional and

in minimal distress. (Tr. at 27.)

Plaintiff's only contention surrounding the ALJ's credibility finding appears to be that the ALJ noted Plaintiff's cocaine use as part of his credibility determination. (Tr. at 26). The ALJ was permitted to note the inconsistencies in the record where Plaintiff repeatedly denied using cocaine, despite abundant evidence to the contrary. (Tr. at 26, 259). *See Tanner v. Astrue*, 2012 WL 4754436, at *5 (S.D. Ga. Aug. 12, 2012) (finding that the ALJ properly rejected the claimant as a credible source and articulated his reasons for finding that she was a drug-seeker); *Brown v. Astrue*, 2012 WL 4049461, at *6 (M.D. Fla. Sep. 12, 2012) (affirming ALJ's decision finding that plaintiff was not credible based in part on her history of drug and alcohol abuse, noncompliance with medical treatment, and possible drug-seeking behavior). As such, the ALJ's credibility determination is supported by the record.

## IV. Conclusion

Upon review of the administrative record, and considering all of Mr. Brown's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON AUGUST 12, 2015.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704